IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

```
PAUL RAYMOND BOETTCHER and    )
JOYCE DIANE BOETTCHER,        )
Husband and Wife,             )
                              )
          Plaintiffs,         )
                              )
v.                            )    No. 2:14-cv-02796-JPM-dkv
                              )
HOUSTYN NICOLE LOOSIER and    )
JAMES LOOSIER,                )
                              )
          Defendants.         )
```

**ORDER DENYING PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

Before the Court is Plaintiffs' Motion to Dismiss Without Prejudice, filed March 1, 2016. (ECF No. 55.) Shelter Mutual Insurance Company ("Shelter") responded in opposition on March 7, 2016. (ECF No. 56.) On March 17, 2016, the Court held a telephonic hearing on the motion and ordered supplemental briefing. (Min. Entry, ECF No. 58; ECF No. 59.) Plaintiffs filed their Memorandum Brief in Support of Plaintiffs' Motion to Dismiss on March 18, 2016. (ECF No. 60.) Shelter filed its Supplemental Response in Opposition to Plaintiffs' Motion to Dismiss on March 21, 2016. (ECF No. 61.)

For the following reasons, Plaintiffs' Motion to Dismiss Without Prejudice is DENIED.

I.  BACKGROUND

This case concerns a motor vehicle accident that allegedly occurred on October 21, 2013, at 7:35 a.m. at S. Third Street and Horn Lake Road in Shelby County, Tennessee. (Compl. ¶ 1, ECF No. 1.) Plaintiffs allege that Defendant Houstyn Nicole Loosier crashed a 2006 Ford F150, owned by Defendant James Loosier, into a third party's vehicle, which in turn was pushed into the rear of a 2007 Ford Focus driven by Plaintiff Paul Raymond Boettcher. (Id. ¶ 3.) Plaintiffs resolved their claims with Houstyn Nicole Loosier and James Loosier ("the Loosier Defendants"), and all claims against the Loosier Defendants were dismissed. (See ECF Nos. 39, 40.) Plaintiffs' only remaining claims involve their own underinsured motorist carrier, Shelter Mutual Insurance Company. (See Compl. ¶ 6.)

Plaintiffs filed a Complaint against the Loosier Defendants on October 17, 2014, and thereby gave notice of the filing of the suit to Shelter under section 56-7-1206(a) of the Tennessee Code and section 40-284(d) of the Kansas Statutes. (See Compl. ¶ 6.) The Loosier Defendants filed an Answer on November 17, 2014. (ECF No. 9.) Shelter filed an Answer on December 15, 2014. (ECF No. 12.)

On August 28, 2015, Shelter filed a Motion to Sever, seeking to try the insurance issues separately from the tort issues in this case. (ECF No. 37.) On October 9, 2015,

Plaintiffs and the Loosier Defendants filed a Joint Motion for Dismissal With Prejudice.  (ECF No. 39.)  On the same day, the Court granted the Joint Motion for Dismissal (ECF No. 40) and found moot Shelter's Motion to Sever (ECF No. 41).

On October 21, 2015, Shelter moved for an independent medical exam.  (ECF No. 42.)  After a hearing, Magistrate Judge Vescovo denied as moot the motion without prejudice.  (ECF Nos. 45, 46.)  On February 9, 2016, Shelter filed a Motion for Permission to Identify Dr. Riley Jones for Purposes of an Independent Medical Examination of Plaintiff Joyce Boettcher and Permission to Take Dr. Jones' Evidentiary Deposition Prior to Trial (ECF No. 51) and a Motion in Limine to Exclude Gross Medical Billings (ECF No. 52).  These motions remain pending before the Court.

On March 1, 2016, Plaintiffs filed a Motion to Dismiss Without Prejudice, seeking dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure so that they may re-file this case in Kansas.  (ECF No. 55.)  Shelter responded in opposition on March 7, 2016.  (ECF No. 56.)  On March 17, 2016, the Court held a telephonic hearing on the motion, during which Plaintiffs raised an issue regarding subject-matter jurisdiction.  (Min. Entry, ECF No. 58.)  The Court ordered supplemental briefing on the jurisdictional issue.  (ECF No. 59.)  Plaintiffs filed their supplemental Memorandum Brief in Support of Plaintiffs' Motion

to Dismiss on March 18, 2016.  (ECF No. 60.)  Shelter filed its Supplemental Response in Opposition to Plaintiffs' Motion to Dismiss on March 21, 2016.  (ECF No. 61.)

**II. LEGAL STANDARD**

After an opposing party has served an answer or a motion for summary judgment, a plaintiff may seek dismissal only by submitting a stipulation signed by all parties who have appeared or by requesting a court order pursuant to Rule 41(a)(2).  Fed. R. Civ. P. 41(a).  Under Rule 41(a)(2), "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Fed. R. Civ. P. 41(a)(2).

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court."  Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994) (quoting Banque de Depots v. Nat'l Bank of Detroit, 491 F.2d 753, 757 (6th Cir. 1974)).  A motion for voluntary dismissal may be denied if a dismissal would cause the defendant to suffer "plain legal prejudice."  Matthews v. Tenn. Bd. of Probation and Parole, No. 1:07-CV-46, 2008 WL 2609160, at *3 (E.D. Tenn. June 26, 2008).

"The mere prospect of a second lawsuit does not constitute prejudice, nor does the fact that the plaintiff may gain a tactical advantage through dismissal." Rouse v. Caruso, Civil Case No. 06-10961, 2007 WL 909600, at *3 (E.D. Mich. Mar. 23, 2007) (citations omitted).

In the Sixth Circuit, courts consider four factors

> in determining whether a defendant will suffer plain legal prejudice if the plaintiff's complaint is dismissed without prejudice under Rule 41(a)(2): (1) the amount of time, effort, and expense the defendant has incurred in trial preparation; (2) any excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) insufficient explanation of the need to take a voluntary dismissal without prejudice; and (4) whether the defendant has filed a motion for summary judgment under Fed. R. Civ. P. 56.

Vanderpool v. Edmondson, No. 1:01-CV-147, 2003 WL 23721333, at *1 (E.D. Tenn. Dec. 2, 2003) (citing Grover, 33 F.3d at 718).

### III. ANALYSIS

#### A. Jurisdictional Issue

Plaintiffs argue that this case must be dismissed because "the case against Shelter for underinsured motorist coverage ripened after the settlement" with the Loosier Defendants and destroyed diversity jurisdiction. (ECF No. 60 at 2.) Specifically, Plaintiffs assert that Shelter is considered to be a citizen of Kansas pursuant to 28 U.S.C. § 1332(c) and that neither of the Plaintiffs has a remaining claim that satisfies the jurisdictional amount. (Id. At 1-3.)

5

Shelter argues that the parties are citizens of different states for purposes of 28 U.S.C. § 1322. (ECF No. 61 at 3.) Specifically, Shelter argues that the direct action provision found in 28 U.S.C. § 1332(c)(1) is inapplicable in the instant case, where Plaintiffs are suing their own insurer, and therefore, Shelter is a citizen of Missouri, its state of incorporation and principal place of business. (Id. at 4-5.) Shelter also argues that the amount in controversy requirement is met because the sum claimed by each Plaintiff in the Complaint exceeds $75,000. (Id. at 5-6.)

Pursuant to 28 U.S.C. § 1332(a), district courts have subject-matter jurisdiction where two requirements are met: (1) the amount in controversy exceeds $75,000 and (2) the matter is between citizens of different states.

With respect to the first requirement, "[w]hen determining whether the amount in controversy has been satisfied, [courts] examine the complaint at the time it was filed." Klepper v. First Am. Bank, 916 F.2d 337, 340 (6th Cir. 1990). "Generally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith, and '[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" Charvat v. GVN Mich., Inc., 561 F.3d 623, 628 (6th Cir. 2009) (alteration in original) (quoting St. Paul

6

Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). "For example, 'even if part of the claim is dismissed on a motion for summary judgment, thereby reducing plaintiff's claim below the requisite amount, the court retains jurisdiction to adjudicate the balance of the claim.'" Klepper, 916 F.2d at 340 (quoting 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702 (1985)). Dismissal is justified, however, if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury, 303 U.S. at 289.

In the instant case, Plaintiff Paul Boettcher claimed damages of $100,000 and Plaintiff Joyce Boettcher claimed damages of $150,000 in the Complaint. (See Compl. ¶ 5.) Thus, at the time the Complaint was filed, the amount in controversy requirement was satisfied. Plaintiffs' settlement with the Loosier Defendants did not affect the jurisdictional amount claimed at the time this case was filed. Accordingly, the amount in controversy requirement is satisfied.

With respect to the diversity of citizenship requirement, under 28 U.S.C. § 1332(c)(1),

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action

the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—

(A) every State and foreign state of which the insured is a citizen;

(B) every State and foreign state by which the insurer has been incorporated; and

(C) the State or foreign state where the insurer has its principal place of business.

28 U.S.C. § 1332(c)(1).

The Sixth Circuit has explicitly held that the direct action provision of § 1332(c)(1) does not apply in a dispute between an insured and his own insurance company. Lee-Lipstreu v. Chubb Grp. of Ins. Cos., 329 F.3d 898, 899-900 (6th Cir. 2003). The Sixth Circuit reasoned:

> The insured obviously is not joined as a party-defendant because the insured is the plaintiff. Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity—federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state. . . . This result comports with the conclusion reached by our sister circuits that when an injured party sues her own uninsured motorist carrier, it is not a direct action.

Id. (citations omitted); see also Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co, 774 F.3d 908, 910-12 (6th Cir. 2014).

Even accepting as true Plaintiffs' argument that the Court must reconsider diversity jurisdiction after the dismissal of

the Loosier Defendants, the parties in this matter are diverse.[1] The situation described in Lee-Lipstreu is the precise situation that arises in the instant case. Plaintiffs do not bring a direct action against Shelter. Rather, they brought claims against the Loosier Defendants and also sought to recover from their own insurer in the event that the Loosier Defendants were underinsured. Although the Loosier Defendants have been dismissed, there is still no direct action against Shelter. As the Sixth Circuit notes, "when an injured party sues [his or] her own uninsured motorist carrier, it is not a direct action." See Lee-Lipstreu, 329 F.3d at 900.

Because the direct action provision does not apply, Shelter is a citizen of the state by which it was incorporated and where its principal place of business is located. Shelter asserts that it is incorporated and has its principal place of business in Missouri and submits several documents, including its Articles of Incorporation and Certificate of Incorporation, in support of this contention. (ECF No. 61 at 4-5; ECF No. 61-1.) Because Plaintiffs are citizens of Kansas, there is complete diversity between the parties. (See ECF No. 60 at 1.)

---

[1] Plaintiffs "neglect the general rule that, for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." Lee v. Foxpointe Condo. Assoc., Civil Case No. 14-11216, 2016 WL 424941, at *2 (E.D. Mich. Feb. 4, 2016) (citing Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 569-70 (2004)).

Because the amount in controversy requirement is satisfied and the parties are diverse, the Court has jurisdiction under 28 U.S.C. § 1332(a) to hear this case.

**B.   Rule 41(a)(2) Motion**

Having considered the jurisdictional issue, the Court now turns to the merits of Plaintiffs' Motion.  Plaintiffs seek dismissal without prejudice, explaining that they wish to re-file this action in Kansas where they reside, the insurance contract was made, and they received medical treatment.  (ECF No. 55 at 1.)

Shelter argues that Plaintiffs' Motion should be denied because Plaintiffs are merely forum-shopping.  (ECF No. 56 at 2.)  According to Shelter, under Tennessee law, Plaintiffs are prohibited from introducing evidence of the gross billings charged by healthcare providers and may only introduce evidence of medical expenses which were actually paid.  (Id. at 3.) Shelter argues that Plaintiffs seek voluntary dismissal "to avoid this unfavorable result." (Id.)  Shelter also maintains that "it has already expended considerable time and resources preparing for trial, which is set in less than two months" and that "Plaintiffs have put forth no compelling reason why their case should be dismissed and refiled in another jurisdiction." (Id. at 5-6.)

The Court agrees with Shelter that dismissal is not appropriate at this late juncture. As discussed above, the proper standard for considering Rule 41(a)(2) motions is set out in Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994).[2] Considering the Grover factors, the Court finds that Shelter would suffer legal prejudice without denial of the instant motion.

In Vanderpool, the court denied plaintiff's motion for voluntary dismissal because the case was over two and one-half years old, the motion was filed approximately three months prior to trial, and there was insufficient explanation of the need for voluntary dismissal. 2003 WL 23721333, at *1-2. Although the plaintiff had not excessively delayed or lacked diligence in prosecuting the action and the defendants did not have any pending summary judgment motions, the court determined that "[t]he combination of the first and third [Grover] factors [was] sufficient to justify" denial of plaintiff's motion. Id. at *1.

The instant case was filed on October 17, 2014, approximately seventeen months ago. (See Compl.) Trial was originally set to begin on September 14, 2015, but has been delayed until May 3, 2016, to allow the parties additional time

---

[2] The Court does not consider Shelter's argument that the motion should be denied because it is based on forum-shopping. Under Grover, "the fact that the plaintiff may gain a tactical advantage through dismissal" is not a relevant consideration. See Rouse v. Caruso, Civil Case No. 06-10961, 2007 WL 909600, at *3 (E.D. Mich. Mar. 23, 2007).

11

to take the depositions of two treating physicians. (See ECF Nos. 19, 35, 48.)  Plaintiffs filed the instant motion on March 1, 2016, just over two months prior to the May 3, 2016, trial date.  (See ECF No. 55.)  At this point, discovery is nearly complete and the parties have spent almost one and one-half years preparing this case for trial.

Additionally, while Plaintiffs assert that re-filing this case in Kansas would be more convenient, this explanation is insufficient.  When Plaintiffs filed this action, they recognized that they and their treating physicians were located in Kansas and understood that there would be some inconveniences in presenting witness testimony at trial.  See Vanderpool, 2003 WL 23721333, at *2 (rejecting plaintiff's argument that future medical expenses justified dismissal where such expenses were contemplated at the time the suit was filed).  Plaintiffs waited to request voluntary dismissal, however, until five months after the Loosier Defendants had been dismissed and re-filing in Kansas became feasible.  At this juncture, with trial nearing, Shelter has expended significant resources and time preparing for trial.

Although, like in Vanderpool, there has not been excessive delay or lack of diligence in prosecuting this action and there are no pending motions for summary judgment, the first and third Grover factors weigh strongly in favor of denying dismissal.

12

Because of the timing of Plaintiffs' Motion, Shelter would be significantly prejudiced by a dismissal without prejudice. Accordingly, Plaintiffs' Motion for Dismissal Without Prejudice is DENIED.

IT IS SO ORDERED, this the 22nd day of March, 2016.

/s/ Jon Phipps McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE