IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

```
PAUL RAYMOND BOETTCHER and    )
JOYCE DIANE BOETTCHER,        )
                              )
        Plaintiffs,           )
                              )
v.                            )   No. 2:14-cv-02796-JPM-dkv
                              )
SHELTER MUTUAL INSURANCE      )
COMPANY,                      )
                              )
        Defendant.            )
```

**ORDER DENYING SHELTER MUTUAL INSURANCE COMPANY'S MOTION IN LIMINE TO EXCLUDE GROSS MEDICAL BILLINGS**

Before the Court is Shelter Mutual Insurance Company's ("Shelter") Motion in Limine to Exclude Gross Medical Billings, filed February 9, 2016. (ECF No. 52.) Plaintiffs responded in opposition on March 25, 2016. (ECF No. 66.)

For the following reasons, Shelter's Motion in Limine to Exclude Gross Medical Billings is DENIED.

## I. BACKGROUND

This case concerns a motor vehicle collision that allegedly occurred on October 21, 2013, at 7:35 a.m. at S. Third Street and Horn Lake Road in Shelby County, Tennessee. (Compl. ¶ 1, ECF No. 1.) Plaintiffs allege that Defendant Houstyn Nicole Loosier crashed a 2006 Ford F150, owned by Defendant James Loosier, into a third party's vehicle, which in turn was pushed

into the rear of a 2007 Ford Focus driven by Plaintiff Paul Raymond Boettcher. (Id. ¶ 3.) Plaintiffs resolved their claims with Houstyn Nicole Loosier and James Loosier ("the Loosier Defendants"), and all claims against the Loosier Defendants were dismissed. (See ECF Nos. 39, 40.) Plaintiffs' only remaining claims involve their own underinsured motorist ("UIM") carrier, Shelter Mutual Insurance Company. (See Compl. ¶ 6.)

Plaintiffs filed a Complaint against the Loosier Defendants on October 17, 2014, and thereby gave notice of the filing of the suit to Shelter under section 56-7-1206(a) of the Tennessee Code and section 40-284(d) of the Kansas Statutes. (See Compl. ¶ 6.) The Loosier Defendants filed an Answer on November 17, 2014. (ECF No. 9.) Shelter filed an Answer on December 15, 2014. (ECF No. 12.) Shelter formally intervened on May 4, 2016. (ECF No. 78.)

On February 9, 2016, Shelter filed a Motion in Limine to Exclude Gross Medical Billings. (ECF No. 52.) On March 25, 2016, Plaintiffs responded in opposition. (ECF No. 66.) Plaintiffs filed a Notice of Supplemental Authority on April 13, 2016. (ECF No. 76.) On June 1, 2016, the Court held a hearing on the motion in limine. (Min. Entry, ECF No. 86.) On June 2, 2016, Shelter filed a Notice to Rebut Presumption of Reasonableness. (ECF No. 87.) On June 3, 2016, Shelter filed a supplemental brief on the motion to exclude gross medical

expenses. (ECF No. 88.) Plaintiffs filed a supplemental brief in opposition on June 7, 2016. (ECF No. 89.)

## II. LEGAL STANDARD AND ANALYSIS

Shelter argues that evidence of Plaintiffs' gross medical bills should be excluded at trial, based on the decision in West v. Shelby County Healthcare Corp., 459 S.W.3d 33 (Tenn. 2014). (ECF No. 52-1 at 2-3.) According to Shelter, "[t]he total 'charged' amounts are irrelevant and unrecoverable under this Court's definition of 'reasonable' medical expenses." (Id. at 5.) Additionally, Shelter argues that Plaintiffs are not entitled to the presumption of reasonableness described in section 24-5-113(b) of the Tennessee Code because Plaintiffs failed to notify Shelter of their intent to rely on the presumption and have produced three different medical itemizations for Joyce Boettcher. (ECF No. 88 at 2-3.) Shelter argues that the Court should follow the decisions in Smith v. Lopez-Miranda, No. 15-cv-2240-SHL-dkv, --- F. Supp. 3d ---, 2016 WL 1083845 (W.D. Tenn. Feb. 10, 2016), Hall v. USF Holland, Inc., No. 2:14-cv-02494-SHL-dkv, --- F. Supp. 3d. ---, 2016 WL 361583 (W.D. Tenn. Jan. 12, 2016), and Keltner v. United States, No. 2:13-cv-2840-STA-dkv, 2015 WL 3688461 (W.D. Tenn. June 12, 2015), which found that gross medical bills were not "reasonable" in the personal injury context. (Id. at 3-4.) According to Shelter, the gross medical bills would, therefore,

not be considered reasonable under the presumption set forth in section 24-5-113(b). (Id. at 4.)

Plaintiffs argue that the West decision is limited to the hospital lien context and does not apply in a personal injury case of this nature. (ECF No. 66 at 1, 5-6.) Plaintiffs further refer to the recent decision of the Court of Appeals of Tennessee in Dedmon v. Steelman, No. W2015-01462-COA-R9-CV (Tenn. Ct. App. June 2, 2016), which held that the West holding does not extend to personal injury cases. (ECF No. 89 at 2.) Plaintiffs argue that the medical bills are entitled to a presumption of reasonableness under section 24-5-113(b) of the Tennessee Code and, as a result of this presumption, the motion to exclude gross medical expenses should be denied. (ECF No. 66 at 4-5.) Additionally, Plaintiffs argue that evidence of the amount paid by the insurer violates the collateral source rule. (Id. at 6-7; see also ECF No. 89 at 4.)

As an initial matter, the parties do not appear to dispute the application of Tennessee law to the instant motion.[1] The Court, therefore, considers whether Plaintiffs are entitled to present at trial evidence of gross medical billings under Tennessee law.

---

[1] The parties do dispute whether Tennessee law or Kansas law applies to other issues in the case, such as Plaintiffs' ability to recover attorney's fees in bringing this action. (See ECF Nos. 67, 84.)

"An injured plaintiff bears the burden of proving that medical expenses the plaintiff is seeking to recover are necessary and reasonable." Borner v. Autry, 284 S.W.3d 216, 218 (Tenn. 2009). Under certain circumstances, a plaintiff may be entitled to a presumption that medical expenses paid or incurred are necessary and/or reasonable. See Tenn. Code Ann. § 24-5-113. Of relevance to the instant case, under section 24-5-113(b) of the Tennessee Code,

> in any civil action for personal injury brought by an injured party against the person or persons alleged to be responsible for causing the injury, if an itemization of or copies of the medical, hospital or doctor bills which were paid or incurred because of such personal injury are served upon the other parties at least ninety (90) days prior to the date set for trial, there shall be a rebuttable presumption that such medical, hospital or doctor bills are reasonable.

Tenn. Code Ann. § 24-5-113(b)(1);[2] see also Wilson v. Monroe Cty., 411 S.W.3d 431, 442 (Tenn. Ct. App. 2013) (applying the relevant subsection); Iloube v. Cain, 397 S.W.3d 597, 604 (Tenn. Ct. App. 2012) (discussing the differences between subsections (a) and (b) of section 24-5-113); Hogan v. Reese, No. 01-A-01-9801-CV-00023, 1998 WL 430627, at *6-7 (Tenn. Ct. App. July 31, 1998) (discussing the legislative history of section 24-5-113). A defendant may present evidence at trial to rebut this

---

[2] Although compliance with the procedure set forth in subsection (a) creates a presumption that the medical bills are both necessary and reasonable, compliance with subsection (b) creates a presumption only that the medical bills are reasonable. See Laird v. Doyle, No. 02A01-9707-CV-00153, 1998 WL 74258, at *2-3 (Tenn. Ct. App. Feb. 24, 1998).

5

presumption, provided that he complies with the requirements of section 24-5-113(b)(2).  See Tenn. Code Ann. § 24-5-113(b)(2).

Where this presumption does not apply, such as in cases involving the Tennessee Hospital Lien Act, the court must independently assess the reasonableness of medical bills.  West v. Shelby Cty. Healthcare Corp., 459 S.W.3d 33, 44 (Tenn. 2014).  In West, the Supreme Court of Tennessee determined that non-discounted hospital bills were unreasonable for two reasons.  First, the non-discounted charges did not reflect the rate for services in the actual marketplace.  Id. at 44-45.  Second, the non-discounted charges were unreasonable because the healthcare providers agree to charge insurance companies discounted rates to advance their own economic interest.  Id. at 45.  Although the court did not explicitly apply this analysis to the personal injury context, the court noted that "[s]imilarly, recoveries for medical expenses in personal injury cases are limited to those expenses that are 'reasonable and necessary.'"  Id. at 44 (citing Roberts v. Davis, No. M2000-01974-COA-R3-CV, 2001 WL 921903, at *4 (Tenn. Ct. App. Aug. 7, 2001)).

In Keltner v. United States, No. 2:13-cv-2840-STA-dkv, 2015 WL 3688461 (W.D. Tenn. June 12, 2015), Judge S. Thomas Anderson of this District applied West's reasoning in a generic personal injury case, finding the defendant liable only for the amount actually paid by the plaintiff and his insurer to medical

providers.  Judge Anderson observed that "the non-discounted rate was not an 'expense' because it was not 'expended' or even 'incurred.'"  Keltner, 2015 WL 3688461, at *4.

Similarly, in Hall v. USF Holland, Inc., No. 2:14-cv-02494-SHL-dkv, --- F. Supp. 3d. ---, 2016 WL 361583 (W.D. Tenn. Jan. 12, 2016), and Smith v. Lopez-Miranda, No. 15-cv-2240-SHL-dkv, --- F. Supp. 3d ---, 2016 WL 1083845 (W.D. Tenn. Feb. 10, 2016), Judge Sheryl H. Lipman of this District granted the defendant's motion in limine and excluded evidence of undiscounted hospital charges in a personal injury case.  Judge Lipman found that, in light of West, "a Tennessee court would not find healthcare provider charges in excess of what an insurer paid to a provider to be 'necessary and reasonable' costs that may be recovered as damages in a personal injury suit."  Hall, 2016 WL 361583, at *1.

The Keltner, Hall, and Smith decisions did not consider, however, the presumption of reasonableness that arises under the procedure of section 24-5-113(b) of the Tennessee Code.  Additionally, these decisions are inconsistent with the recent Dedmon decision, in which the Court of Appeals of Tennessee determined that the holding in West does not extend to personal injury actions.  Dedmon, No. W2015-01462-COA-R9-CV, slip op. at 13.

7

In the instant case, the parties do not dispute that Plaintiffs served Shelter with itemized medical bills at least ninety days before trial.[3] Accordingly, by serving Shelter with an itemization of the medical bills which they incurred,[4] Plaintiffs complied with the requirements of section 24-5-113(b)(1) and are entitled to a presumption of reasonableness. Despite Shelter's contention that Plaintiffs were required to inform Shelter of their intent to rely on said presumption, the statute does not establish such a requirement. See Tenn. Code Ann. § 24-5-113.

This presumption does not affect Plaintiffs' burden to show that the bills were necessary or their burden to show that the bills were incurred because of the personal injuries sustained

---

[3] Shelter does argue, however, that the fact that it was served with multiple itemizations of medical bills, each claiming different amounts, negates Plaintiffs' reliance on the presumption of section 24-5-113(b). Shelter does not reference any authority in support of this contention, and this contention is inconsistent with the plain language of section 24-5-113(b). Section 24-5-113(b) merely requires a plaintiff to serve "an itemization of . . . the medical, hospital or doctor bills which were paid or incurred because of such personable injury . . . upon the other parties at least ninety (90) days prior to the date set for trial." Tenn. Code Ann. § 24-5-113(b). Under this provision, it appears that a plaintiff may provide multiple itemizations of medical bills, such as an initial itemization and a subsequent itemization accounting for continuing treatment, as long as each itemization is served at least ninety days prior to the date set for trial.

[4] Since the parties agree that these bills were not "paid," the presumption of section 24-5-113(b) arises only if the bills were "incurred." The word "incur" is defined in Black's Law Dictionary as "[t]o suffer or bring on oneself (a liability or expense)." Black's Law Dictionary (10th ed. 2014). Although Plaintiffs' insurance company may have ultimately received a discount on Plaintiffs' medical bills, Plaintiffs did, at one point in time, "incur" the total amount of the bills. Had Plaintiffs not had health insurance or had their insurer not paid the medical bills, Plaintiffs would have remained liable for the total amount of the bills. Thus, by receiving medical care, Plaintiffs "brought on themselves" the liability of the total amount of the medical bills.

8

in the underlying automobile collision.  See Tenn. Code Ann. § 24-5-113.  The West decision suggests that undiscounted medical bills may be unreasonable.  Because Plaintiffs are entitled to a rebuttable presumption that their medical bills are reasonable, however, the Court need not independently assess their reasonableness, such as the court did in West.

**III. CONCLUSION**

Because Plaintiffs' gross medical bills are presumed reasonable, Shelter's Motion in Limine to Exclude Gross Medical Billings is DENIED.  Shelter, having complied with the requirements of section 24-5-113(b)(2), may present proof contradicting the reasonableness of the medical expenses.  See Tenn. Code Ann. § 24-5-113(b).[5]

IT IS SO ORDERED, this the 8th day of June, 2016.

/s/ Jon Phipps McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[5] As the Court of Appeals of Tennessee noted in Dedmon, Shelter "must not run afoul of the collateral source rule."  No. W2015-01462-COA-R9-CV, slip op. at 16.  Shelter may, however, offer "evidence indicating that something less than the charged amount has satisfied . . . the amount billed."  Id. (quoting Martinez v. Milburn Enters., Inc., 233 P.3d 205, 222-223 (Kan. 2010)).