IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

---

PAUL RAYMOND BOETTCHER and )
JOYCE DIANE BOETTCHER, )
 )
     Plaintiffs, )
 )
v. ) No. 2:14-cv-02796-JPM-dkv
 )
SHELTER MUTUAL INSURANCE )
COMPANY, )
 )
     Defendant. )

---

**ORDER DENYING SHELTER MUTUAL INSURANCE COMPANY'S MOTION FOR A RULING THAT TENNESSEE'S LAW IS THE SUBSTANTIVE LAW OF THE CASE**

---

Before the Court is Shelter Mutual Insurance Company's ("Shelter") Motion for a Ruling that Tennessee's Law is the Substantive Law of the Case, filed May 26, 2016. (ECF No. 84.) Plaintiffs responded in opposition on June 9, 2016. (ECF No. 91.)[1] Shelter filed a reply brief on June 15, 2016. (ECF No. 95.)

For the following reasons, Shelter's Motion for a Ruling that Tennessee's Law is the Substantive Law of the Case is DENIED.

---

[1] Plaintiffs filed a substituted memorandum of law in opposition to Shelter's motion shortly after filing their original memorandum on June 9, 2016. (See ECF Nos. 92, 93.)

## I. BACKGROUND

This case concerns a motor vehicle collision that allegedly occurred on October 21, 2013, at 7:35 a.m. at S. Third Street and Horn Lake Road in Shelby County, Tennessee. (Compl. ¶ 1, ECF No. 1.) Plaintiffs allege that Defendant Houstyn Nicole Loosier crashed a 2006 Ford F150, owned by Defendant James Loosier, into a third party's vehicle, which in turn was pushed into the rear of a 2007 Ford Focus driven by Plaintiff Paul Raymond Boettcher. (Id. ¶ 3.) Plaintiffs resolved their claims with Houstyn Nicole Loosier and James Loosier ("the Loosier Defendants"), and all claims against the Loosier Defendants were dismissed. (See ECF Nos. 39, 40.) Plaintiffs' only remaining claims involve their own underinsured motorist ("UIM") carrier, Shelter Mutual Insurance Company. (See Compl. ¶ 6.)

Plaintiffs filed a Complaint against the Loosier Defendants on October 17, 2014, and thereby gave notice of the filing of the suit to Shelter under section 56-7-1206(a) of the Tennessee Code and section 40-284(d) of the Kansas Statutes. (See Compl. ¶ 6.) The Loosier Defendants filed an Answer on November 17, 2014. (ECF No. 9.) Shelter filed an Answer on December 15, 2014. (ECF No. 12.) Shelter formally intervened on May 4, 2016. (ECF No. 78.)

On March 25, 2016, Plaintiffs filed a Notice of Proof of Relevant Kansas Law. (ECF No. 67.) On May 26, 2016, Shelter

filed a Motion for Ruling that Tennessee's Law is the Substantive Law of the Case. (ECF No. 84.) Plaintiffs responded in opposition on June 9, 2016. (ECF No. 91.) Per Court order, Shelter filed a reply brief on June 15, 2016. (ECF No. 95.)

**II. LEGAL STANDARD AND ANALYSIS**

In an action based on diversity jurisdiction, "the law of the forum state, including the choice-of-law rules, apply." Montgomery v. Wyeth, 580 F.3d 455, 459 (6th Cir. 2009); see also Andersons, Inc. v. Consol, Inc., 348 F.3d 496, 501 (6th Cir. 2003) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). "For claims based on a contract, Tennessee follows the rule of lex loci contractus, meaning it presumes that the claims are governed by the jurisdiction in which it was executed absent a contrary intent." City of Smyrna, Tenn. v. Mun. Gas Auth. of Ga., 723 F.3d 640, 645 (6th Cir. 2013). "In insurance coverage disputes, Tennessee courts apply the substantive law of the state in which the insurance policy was issued and delivered if there is no enforceable choice of law clause in the policy." Gov't Emps. Ins. Co. v. Bloodworth, No. M2003-02986-COA-R10-CV, 2007 WL 1966022, at *27 (Tenn. Ct. App. June 29, 2007).

For tort claims, Tennessee has adopted the "most significant relationship" approach of the Restatement (Second)

3

of Conflict of Laws.  Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992).  "Under this approach, 'the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation.'"  Wyeth, 580 F.3d at 459 (quoting Hataway, 830 S.W.2d at 59).  When multiple states have "an almost equal relationship to the litigation," this approach "provides a 'default' rule whereby trial courts can apply the law of the place where the injury occurred."  Hataway, 830 S.W.2d at 59.

Shelter argues that Tennessee law is the controlling "substantive law" of the case, and that as a result, Plaintiffs may not pursue a claim for attorney's fees under Kansas law.  (ECF No. 84-1 at 3-4.)  Plaintiffs argue that the Kansas law providing attorney's fees in insurance actions "is applicable to this action, as it is part of the interpretation of the Kansas policy and its UIM coverage under Kansas law."  (ECF No. 93 at 2.)

The instant case involves claims by Plaintiffs against their underinsured motorist carrier.  A claim by an insured against his or her insurance carrier is "based in contract law."  Nelson v. Nelson, 409 S.W.3d 629, 632 (Tenn. Ct. App. 2013).  Accordingly, the rule of lex loci contractus determines the substantive law in this case.  The parties agree that the insurance contract was issued and delivered in Kansas.  (See ECF

No. 93 at 2; ECF No. 95 at 2.)  Thus, Kansas law is the applicable substantive law in this case.  Shelter's argument that Tennessee law should be the substantive law of the case is without merit.

Having determined the applicable substantive law, the Court finds that Plaintiffs may seek attorney's fees under § 40-908 of the Kansas Statutes for bringing this action.  Section 40-908 provides that,

> in all actions now pending, or hereafter commenced in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action . . . .

Kan. Stat. Ann. § 40-908.  In Bussman v. SafeCo Insurance Co. of America, 317 P.3d 70, 89 (Kan. 2014), the Kansas Supreme Court held that this provision includes actions against UIM carriers so long as the UIM policy covers damage caused by fire, tornado, lightning, or hail, as well as automobile accidents. Plaintiffs' claim for attorney's fees arises out of their claim against their insurance carrier.

Additionally, the Court finds that although Kansas law is the substantive law of the case, Tennessee law governs the underlying tort issues, including the amount of damages relating to Plaintiffs' injuries from the automobile accident.  The underlying automobile collision occurred in Tennessee, and the

5

parties agree that Tennessee law governs these issues.  (ECF No. 84-1 at 3; ECF No. 91 ¶ 3; see ECF No. 9 ¶ 2.)[2]  Although the Loosier Defendants have apparently admitted liability (ECF No. 91 ¶ 3; ECF No. 93 at 1), Shelter does challenge whether Plaintiffs' injuries were causally-related to the motor vehicle collision and whether Plaintiffs' medical expenses were necessary and reasonable (see ECF No. 96).  These questions arise out of the tort issues, and therefore, are governed by Tennessee law.

**III. CONCLUSION**

For the foregoing reasons, Shelter's Motion for a Ruling that Tennessee's Law is the Substantive Law of the Case is DENIED.  Under Kansas law, Plaintiffs may seek attorney's fees for bringing this action against Shelter.

IT IS SO ORDERED, this the 23rd day of June, 2016.

/s/ Jon Phipps McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[2] Although Plaintiffs "admit[] that Tennessee substantive and federal procedural law applies" (ECF No. 91 ¶ 3), this statement is inconsistent with Plaintiffs' argument that "under the lex loci contractus choice of law rule of the forum, viz., Tennessee, Kansas law sh[ould] be used to decide all insurance issues in this lawsuit" (ECF No. 93 at 3).  It appears that Plaintiffs intended to agree only that Tennessee law governs the underlying tort issues in this case.  Because the only remaining claims are based in contract, the substantive law of the case is determined by the Tennessee choice-of-law rules for contract disputes.